UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-107-FDW

| | |
|---|---|
| BRUCE W. GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HENDERSON COUNTY ) | |
| SHERIFF DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 5).

## I. BACKGROUND

Pro se Plaintiff Bruce W. Glover is a prisoner of the State of North Carolina, currently incarcerated at Mountain View Correctional Center in Spruce Pine, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted of being a habitual felon in Henderson County, North Carolina, on September 20, 2017.

Plaintiff filed this action on April 23, 2018, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant the "Henderson County Sheriff Department." In the Complaint, Plaintiff alleges that on August 16, 2017, unnamed officers with the Henderson County Sheriff's Department conducted an illegal search of Plaintiff's residence, where they found drugs, and Plaintiff was later wrongly convicted on drug charges. Plaintiff seeks damages against Defendants. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

1

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

2

> the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Therefore, his claims are barred by Heck. The Court further finds, in any event, that the "Henderson County Sheriff Department" is not a "person" and is therefore not subject to suit under Section 1983. See Gibson v. Harrison, No. 5:15-CT-3055-FL, 2017 WL 4126980, at *7 (E.D.N.C. Sept. 18, 2017) (citing cases). Thus, even if the action were not barred by Heck, it would be subject to dismissal for this additional reason.

## IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. The Clerk is directed to close this case.

Signed: August 1, 2018

Frank D. Whitney
Chief United States District Judge